IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chantel Staples, on behalf of herself and all other plaintiffs similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: |
| | ) |
| Waterton Residential, LLC d.b.a Waterton, Pathway Employment Services LLC, and Pathway Management, LLC d.b.a Pathway To Living | ) ) ) ) ) |
| Defendants. | ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiff Chantel Staples ("Chantel" or "Plaintiff") on behalf of herself and all other plaintiffs similarly situated, by and through her attorneys, and for her Class and Collective Action Complaint against Defendant Waterton Residential, LLC doing business as Waterton ("Waterton") and Pathway Employment Services LLC ("Pathway Employment") and Pathway Management, LLC doing business as Pathway to Living ("Pathway to Living" collectively "Defendants"), states as follows:

**Nature of the Action**

1. Defendants gave various incentive compensation to its workers to show up to work at its assisted living facilities to care for its residents.

2. The law requires that when Defendants' workers received these incentives, the workers' overtime rate should have increased because the additional compensation should have factored into the "regular rate" of pay. However, Defendants did not factor all these incentives into the overtime rate and, therefore, substantially underpaid its workforce when they worked

overtime and earned these incentives. As a result, this civil action is brought by the above-named plaintiff who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. P. 23.

**Parties**

3. Plaintiff worked as an hourly employee for Defendants at a skilled nursing facility in Bourbonnais, Illinois.

4. Defendant Waterton Residential, LLC doing business as Waterton and formerly known as Waterton Property Management LLC is a limited liability company with its primary office at 222 S. Riverside Plaza, Chicago, Illinois. Waterton is a real estate investment and property management company that focuses on U.S. multifamily, senior living and hospitality properties[1] and it operates and manages healthcare facilities across Illinois.

5. Defendant Pathway Employment Services LLC is a limited liability company with its principal office at 222 S. Riverside Plaza, Chicago, Illinois. It is managed by Pathway Management, LLC. Pathway manages and operates over 32 senior living properties across Illinois, Michigan, Minnesota and Wisconsin.

6. Defendant Pathway Management LLC is a limited liability company with its principal office at 222 S. Riverside Plaza, Chicago, Illinois. It owns and operates over 32 senior living properties across Illinois, Michigan, Minnesota and Wisconsin. It is the senior living arm of Waterton, with Waterton acquiring a controlling stake in Pathway to Living in 2019.[2]

---

[1] https://waterton.com/about-waterton/ last visited 2/22/23
[2] https://waterton.com/waterton-acquires-controlling-interest-of-senior-housing-owner-operator-pathway-to-living/ last visited 2/22/23 and Pathway to Living is referred to as "a Waterton Company" on Pathway to Living's website: https://www.pathwaysl.com/ last visited 2/22/23

7. Defendants each are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

8. During the last three years, each Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

9. Defendants each and/or jointly were the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

10. Defendants each and/or jointly were the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

11. Plaintiff was each of Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

12. Plaintiff was each of Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

## Jurisdiction and Venue

13. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

14. Venue is proper in this Judicial District, as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

15. Plaintiff was a Certified Nursing Assistant for Defendants at the Victory Center of Sierra Ridge facility located in Country Club Hills, Illinois.

16. Defendants own, operate and manage over 32 senior living facilities including facility known as the Victory Center of Sierra Ridge.

17. Defendants manage the terms and conditions of its facilities' employees.

18. Prospective employees can apply for employment on a centralized website for any Pathway to Living facility at any Pathway to Living location, including the Victory Center of Sierra Ridge. As of 2/22/23 this website lists an opening for a Certified Nursing Assistant, the position of Plaintiff.

19. Both Waterton and Pathway Employment Services LLC appear on employee pay statements.

20. To incentivize employees to work, Defendants paid Plaintiff and other employees additional compensation and pay incentives. By example, some incentives were labeled "Premium Pay" that is actually a pay incentive.

21. However, Defendants did not properly calculate employee overtime rates because it did not capture all necessary compensation required. The FLSA and IMWL require overtime wages of one and one-half times employee's "regular rate" of pay, not the base rate, for all overtime hours.

22. The additional compensation and pay incentives should have been included when calculating Plaintiff and other employees' regular rate of pay when determining overtime compensation.

23. The regular rate is computed by dividing an employee's total compensation in the workweek by the total hour worked in the workweek and the regular rate includes all renumeration for employment paid to, or on behalf of, the employee.

24. Defendants failed to include all additional compensation and pay incentives when calculating Plaintiff and other employees' overtime rates.

25. This failure results in Plaintiff and others similarly situated being deprived of their full overtime wages.

26. By way of example: During the 10/28/22 pay date, Plaintiff's base rate of pay was $15.53 per hour. She earned $16.00 per hour and worked 71.5 hours of which 9.75 hours were overtime. She also received additional compensation of "Premium Pay" in the amount of $28.00 However, her overtime premium was only $8 per hour[3]. The overtime premium should have been $8.20 per hour because the regular rate for overtime purposes is $16.39 per hour[4] This resulted in an overtime underpayment of approximately $1.95.

27. Plaintiff performed her job responsibilities for Defendants in the State of Illinois.

28. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

29. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other non-exempt employees who were not fully compensated for overtime hours worked.

31. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime at one and one-half times their regular rate of pay.

32. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their

---

[3] Although her paystub does not list an overtime "Pay Rate" this can be determined by dividing the earned overtime wages $234.00 by the overtime hours 9.75. This equals $24.00 per overtime hour, the difference between this rate and the regular pay rate of $16.00 per hour rate is $8 per hour.
[4] (71.5 hours worked * $16 per hour)+($28 Premium Pay) = $1,172
$1,172 / 71.5 hours worked = $16.39 per hour regular rate, $16.39 * .5 = $8.20 overtime premium rate.

5

regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendants' unlawful practices and policies.

33. Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

34. Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

35. There are estimated to be hundreds of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

36. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

37. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

38. The Plaintiff re-alleges and incorporates by reference paragraphs 1-38.

39. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

40. The proper overtime rate is computed by multiplying 1.5 times an employee's regular rate of pay.

41. Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

42. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

43. Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

44. Plaintiff hereby alleges and incorporates Paragraph 1 through 44 of this Complaint, as is fully set forth herein.

45. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

46. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

47. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times her regular rate for such overtime work.

48. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

49. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

    A. A Declaratory Judgement that Defendants violated the overtime provisions of the IMWL and FLSA as to the Plaintiff and similarly situated employees;

    B. A declaratory judgement that Defendants' violations of the IMWL and FLSA was willful;

    C. Unpaid overtime compensation;

    D. A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

    E. A judgment of liquidated damages as provided by the FLSA;

    F. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

    G. Such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: March 7, 2023

Respectfully Submitted,

By: /s/ John Kunze
One of the Attorneys for the Plaintiff

David Fish
John Kunze
Fish Potter Bolaños, PC
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400

Patrick Cowlin
Fish Potter Bolaños, PC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312)861-1800
(fax) (312)861-3009